# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1562V
(not to be published)

DAWN PATTERSON,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: January 18, 2022

Special Processing Unit (SPU); Pneumococcal 23-polyvalent Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Vaccine Not Covered Under the Program; Vaccine Act Entitlement

## DECISION[1]

On November 10, 2020, Dawn Patterson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1). Petitioner alleges that she suffered a shoulder injury as a result of a Pneumovax vaccine administered to her on November 9, 2017. *Id.* at 1; Ex. 2 at 3-4, 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 7, 2021, Petitioner was ordered to file a brief addressing whether the vaccine alleged as causal is "covered" by the Vaccine Program (meaning it is a basis for a claim). ECF No. 18. Between July 2 and November 12, 2021, Petitioner filed four

---

[1] Although I am not formally designating this Decision for publication, the fact that it contains reasoned analysis requires me to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

separate motions seeking "additional time . . . to research and prepare said brief." ECF Nos. 19, 21, 22 and 23. On December 2, 2021, Petitioner was afforded 18 days, until December 20, 2021, to show cause why his claim should not be dismissed. ECF No. 24. In response, Petitioner finally conceded that "the Pneumovax vaccine is not covered by the Vaccine Program and more specifically, is not a vaccine listed on the Vaccine Table." ECF No. 25.

To be entitled to compensation under the Vaccine Act, a petitioner must show that she received a vaccine set forth in the Vaccine Injury Table (the "Table"). *See* §11(c)(1)(A). Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Case law recognizes two versions of the pneumococcal vaccine – "pneumococcal conjugate and polysaccharide vaccine[s]." *Bundy v. Sec'y or Health & Human Servs*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014). Only the pneumococcal *conjugate* vaccine, however (the version routinely administered to children), is covered by the Vaccine Program. *Bundy,* 2014 WL 348852, at *1*; see also Morrison v. Sec'y of Health & Human Servs,* No. 04-1683V, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).

Petitioner received the pneumococcal polysaccharide version of the vaccine. Ex. 2 at 3-4; 6. As such, she is unable to show that she "received a vaccine set forth in the Vaccine Injury Table." Section 11(c)(1)(A). Thus, Petitioner cannot receive compensation on a claim based on a non-covered vaccine through the Vaccine Program, and the petition must be dismissed. *See, e.g., Cielencki v. Sec'y of Health & Human Servs*, No. 15-632V, 2015 WL 10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015) (dismissing petition that involves Pneumovax).

Petitioner has failed to demonstrate that she received a vaccine covered under the Vaccine Program. **This case is therefore dismissed for failure to state a claim upon which relief can be granted. The clerk shall enter judgement accordingly. [3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."